IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM OYADOMARI,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CHAD HIWATASHI,<br><br>　　　　Defendant. | CV 16-00569 DKW-RLP<br><br>**ORDER DISMISSING CASE** |

## ORDER DISMISSING CASE

On October 20, 2016, Plaintiff William Oyadomari, proceeding pro se, filed a Complaint against officer Chad Hiwatashi alleging violations of 42 U.S.C. § 1983 and a request to proceed *in forma pauperis* ("IFP Application"). In an October 24, 2016 Order, the Court granted the IFP Application, dismissed the Complaint pursuant to 28 U.S.C. § 1915(e), and granted Oyadomari leave to file an amended complaint by no later than November 21, 2016. Dkt. No. 5.[1] Oyadomari has yet to file a First Amended Complaint or respond to the Court's October 24,

---

[1]The October 24, 2016 Order noted that, because Oyadomari is proceeding pro se, the Court liberally construes his pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). The Court also noted that, although he is proceeding pro se, Oyadomari is familiar with the federal court filing system. Excluding the instant civil action, Oyadomari has filed at least eight cases in this district court in 2016 alone. *See, e.g.,* Civil Nos. 16-00129 JMS-KJM; 16-00130 JMS-KJM; 16-00133 JMS-KJM; 16-00141 JMS-RLP; 16-00160 LEK-KJM; 16-00176 JMS-KJM; 16-00262 LEK-KJM; 16-00525 LEK-KSC.

2016 Order in any other fashion.² As a result, this action is dismissed without prejudice.

Courts have the authority to dismiss actions for failure to prosecute or for failure to comply with court orders. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). The Court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him to file an amended pleading within a specified time period. *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002). Before dismissing an action for failure to prosecute, the Court must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id*. at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances. The Court's October 24, 2016 Order was clear:

---

²The Court notes that Oyadomari previously raised the same allegations against the City and County of Honolulu in *Oyadomari v. Honolulu Police Dep't*, Civ. No. 16-00130 JMS-KJM, which the district court dismissed with leave to amend. Oyadomari did not file an amended complaint in that case either.

> While Oyadomari's IFP Application is GRANTED, the Complaint fails to state a claim for relief pursuant to 42 U.S.C. § 1983. Accordingly, as discussed more fully below, the Court DISMISSES the Complaint with leave to amend pursuant to 28 U.S.C. § 1915(e). Any amended complaint must be filed no later than **November 21, 2016**.
>
> ****
>
> The amended complaint must designate that it is the "First Amended Complaint" and may not incorporate any part of the original Complaint. Rather, any specific allegations must be retyped or rewritten in their entirety. Plaintiff may include only one claim per count. Failure to file an amended complaint by November 21, 2016 will result in the automatic dismissal of this action without prejudice.
>
> Based on the foregoing, the Court GRANTS the IFP Application and DISMISSES the Complaint with leave to amend. Oyadomari is GRANTED leave to file an amended complaint by no later than **November 21, 2016** in order to cure the deficiencies noted in this order.

10/24/16 Order at 1, 11-12 (Dkt. No. 5).

Oyadomari's failure to comply with the Court's order hinders the Court's ability to move this case forward and indicates that he does not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir.1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). This factor favors dismissal.

The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). Oyadomari offers no excuse or explanation for his failure to file

3

a First Amended Complaint.  When a party offers a poor excuse (or, in this case, no excuse) for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal.  *See Yourish*, 191 F.3d at 991-92.  This factor favors dismissal.

Public policy favoring the disposition of cases on their merits ordinarily weighs against dismissal.  However, it is the responsibility of the moving party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  Oyadomari failed to discharge his responsibility to prosecute this action despite the Court's express warning about dismissal in its prior order.  *See* Dkt. No. 5.  Under these circumstances, the public policy favoring the resolution of disputes on the merits does not outweigh Oyadomari's failure to file an amended complaint, as directed by the Court in its October 24, 2016 Order.

The Court attempted to avoid outright dismissal of this action by granting Oyadomari the opportunity to amend his allegations and providing specific guidance on how to do so.  *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.").  Alternatives to dismissal are not adequate here, given Oyadomari's voluntary failure to comply with the Court's order.  Under the present

4

circumstances, less drastic alternatives are not appropriate.  The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal.  On balance, however, because four factors favor dismissal, this factor is outweighed.

On the basis of the foregoing, the Court DISMISSES this action without prejudice and directs the Clerk of Court to close this case.

IT IS SO ORDERED.

Dated: November 28, 2016 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

---

Oyadomari v. Hiwatashi; CV 16-00569 DKW-RLP; **ORDER DISMISSING CASE**